UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANA DUANE URQUHART,

       Plaintiff,

v.                                 Case No:  2:13-cv-724-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff, Dana Duane Urquhart, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI"). As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Issues on Appeal

Plaintiff argues three inter-related issues on appeal: (1) whether the ALJ properly considered the impact of Plaintiff's visual impairment in assessing his residual functional capacity ("RFC") for work; (2) whether the ALJ erred in finding Plaintiff's major depressive disorder and anxiety non-severe limitations; and (3) whether the ALJ failed to complete an accurate function-by-function analysis in assessing Plaintiff's RFC.

### II.    Procedural History and Summary of the ALJ's Decision

On March 22, 2010, Plaintiff filed an application for SSI, alleging he became

disabled and unable to work on January 30, 2010, due to cirrhosis of the liver and gout.  Tr. 148-60.  The Social Security Administration ("SSA") denied his claim initially on September 9, 2010, and upon reconsideration on December 9, 2010.  Tr. 104, 113.  Plaintiff then requested and received a hearing before an ALJ on March 21, 2010, during which she was represented by an attorney.  Tr. 31-52.  Plaintiff testified at the hearing.

On June 8, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying his claim.  Tr. 13-24.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 22, 2010, the application date.  Tr. 15.  At step two, the ALJ determined that Plaintiff had the following severe impairments: alcoholic cirrhosis; renal insufficiency; gout and associated ankle, elbow, knee, and hands; back and neck pain; breathing disorder; coronary artery disease; and obesity. *Id.* The also ALJ found that Plaintiff's mental impairments of anxiety and depression were non-severe impairments.  Tr. 15-18.  In doing so, the ALJ considered the "paragraph B" criteria, and found that the criteria were not satisfied.  Tr. 17-18.  At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[1]  Tr. 13.

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 405.1525(a).

Taking into account the effects from all of Plaintiff's impairments – both severe and non-severe – the ALJ then determined that Plaintiff had the RFC to perform the full range of light work, as defined in 20 C.F.R. § 416.967(b),[2] with some additional limitations.  Tr. 18.  The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  Tr. 20.  In making this finding, the ALJ considered Plaintiff's allegations regarding his physical limitations, including disabling joint pains, renal insufficiency, congestive heart failure, coronary artery disease, breathing disorder, vision problems, chronic obstructive pulmonary disease, decreased vision in left eye, and obesity.  Tr. 19-23. Taking into consideration his RFC determination, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform according to the Medical Vocational Guidelines.  Tr. 23-24.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council.  After considering the ALJ's decision, the Appeals Counsel denied the request on August 27, 2013. Tr. 1-6.  Accordingly, the ALJ's June 8, 2012 decision

---

[2] The regulations define "light work" as follows:

(b) Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

is the final decision of the Commissioner.  On October 15, 2013, Plaintiff timely filed his Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3).  Doc. 1.

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.  *See* 20 C.F.R. § 404.1520.  The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence.  *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as

adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

### A.   *Residual Functional Capacity Assessment*

#### 1.   *Visual Impairments*

Plaintiff first argues on appeal that the ALJ failed to consider the impact his visual impairments would have on Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ did not address Plaintiff's visual impairments in his decision and did not consider Plaintiff's testimony regarding his visual limitations, wherein he testified that he is almost completely blind in his right eye. Tr. 37. Thus, Plaintiff believes a more limited RFC is reasonable. In response, Defendant argues that the ALJ

properly considered Plaintiff's decreased vision in in assessing Plaintiff's RFC and properly found Plaintiff's decreased vision did not limit his ability to perform work-related activities. The Court agrees with the Commissioner.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). Here, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 18. The ALJ then proceeded to assess and make a finding regarding the claimant's RFC. The RFC is the most that a claimant can do despite his limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.* At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work

despite impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

In his decision, the ALJ found that Plaintiff retained the ability to perform light work, with specific limitations. Tr. 18. In doing so, he noted he considered the "entire record" (Tr. 18), including Plaintiff's physical and mental limitations. Contrary to Plaintiff's assertions, the ALJ considered Plaintiff's visual impairments in his opinion. Tr. 19, 21. The ALJ noted that Plaintiff had a visual acuity of 20/300 in the right eye and 20/25 in the left eye, along with a prescription for corrective lenses, which Plaintiff stated he could not afford. Tr. 19, 21. In doing so, the ALJ cited the prescription for corrective lenses that Plaintiff testified he did not pick up yet because he could not afford them. Tr. 21, 418. The ALJ also noted that Plaintiff spent his day watching television. Tr. 20, 22. Notably, no restrictions have been placed on Plaintiff by his doctors due to his visual impairments. The record reveals that his vision can be improved with correction, which belie Plaintiff's contentions that he has a debilitating vision problem that precludes him from working. Tr. 21. Thus, the Court finds that the ALJ properly considered Plaintiff's visual impairments when determining his RFC, and his decision that these impairments do not preclude Plaintiff from working is supported by substantial evidence in the record.

### 2. *Mental Impairments*

Plaintiff second point of contention with regard to the ALJ's RFC determination is that the ALJ erred in finding that Plaintiff's major depressive disorder and anxiety did not constitute severe impairments at step two, asserting

substantial evidence supports otherwise.  Plaintiff states that his mental health impairments are well-documented in the record, and the record shows that his mental impairments would significantly limit his ability to perform basic work-related activities.  Defendant responds that the ALJ properly considered Plaintiff's mental impairments in assessing his RFC and that Plaintiff failed to meet his burden of proving that he had actual, specific limitations, corroborated by the evidence, caused by his mental impairments.  The Court agrees with the Commissioner.

At the second step in the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  Plaintiff bears the burden of establishing that his impairments are severe and prevent the performance of his past relevant work.  *Yuckert*, 482 U.S. at 146 n.5.  A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).  "A non-severe impairment is a slight abnormality which has such a minimal effect on the individual that it could not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).  "Claimant need show only that her impairment is not so slight and its effect is not so minimal."  *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).  "Severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruther v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

Concerning Plaintiff's "medically determinable" mental impairments of major depressive disorder and anxiety, the ALJ found it did not cause more than "minimal limitation in the claimant's ability to perform basic mental work activities" and thus determined it to be non-severe. Tr. 15. He acknowledged that although Plaintiff had been prescribed Wellbutrin, he had been prescribed the medication by his primary care physician, and his doctors continually reported that his anxiety was stable and controlled by his medication. *Id.* Notably, the ALJ stated that treatment notes do not report any severe mental health symptoms that resulted in hospitalization or emergency room visits. Id. Moreover, Plaintiff was not under the care of a psychiatrist, nor was he receiving any psychological counseling or therapy. *Id.*

Supporting this finding, the ALJ cited a mental consultative examination performed by psychologist Nilsa Rivera, Ph.D, in May 2010, in which Plaintiff was diagnosed with major depressive disorder. *See* Tr. 471-73. Dr. Rivera noted on mental status examination that Plaintiff was fully oriented to all spheres and had intact memory, logical and organized thought processes, no delusions, no hallucinations, accurate general knowledge, average intelligence, fair insight, and fair judgment. Tr. 16, 472-73. The ALJ further discussed the psychiatric review technique forms completed by state agency psychological consultants Kristin Adams, Psy.D on June 14, 2010, and Elizabeth Michalec, Ph.D. on November 18, 2010. Tr. 16-17. Dr. Adams opined that Plaintiff's mental impairments were not severe because he had no history of significant mental health issues, no formal treatment history, and was prescribed mental medications by his primary care physician

secondary to medical issues and was noted to be stable.  Tr. 16, 294.  Dr. Michalec also concluded that Plaintiff's mental impairments were not severe because the majority of his functional limitations were due to physical, not psychiatric reasons, and that he is stable and able to engage in activities of daily living.  Tr. 17, 316.  The ALJ gave the consultants' opinions great weight because they gave specific reasons for their opinions and were supported by the evidence of record, including consideration of Plaintiff's doctor's opinions and Plaintiff's allegations concerning his symptoms and limitations.  *Id.*

In finding that Plaintiff's mental impairments were not severe, the ALJ considered the four broad functional areas for evaluating mental disorders – the so-called "paragraph B" criteria – and section 12.00C of the Listings.  *See* Tr. 17-18.  In the first area of daily living, the ALJ found that Plaintiff has mild limitation.  Tr. 17.  He takes care of his personal hygiene, cooks, does laundry, washes dishes, and watches television.  *Id.*  In the area of social functioning, the ALJ found Plaintiff has no limitation.  *Id.*  The ALJ noted that Plaintiff maintains a relationship with his live-in girlfriend and often socializes with his children and former boss.  *Id.*  He also has no problem getting along with others.   In the third functional area – concentration, persistence or pace – the ALJ determined Plaintiff has mild limitation.  Tr. 18.  In the final functional area, the ALJ found that Plaintiff has experienced no episodes of decompensation of extended duration.  Tr. 18.  Although not discussed at length by the ALJ in addressing Plaintiff's functional limitations, his findings are

consistent with those contained in the psychiatric review technique evaluations conducted by Drs. Adams and Michalec.

Based on the foregoing, the Court finds that Plaintiff's claim that the ALJ erred in finding Plaintiff's major depressive disorder and anxiety disorder as non-severe impairments simply is without merit. The ALJ discussed his findings at length with record evidence to support the great weight he accorded to the examining psychologist and psychological consultants who opined that Plaintiff had no mental limitations that would preclude his ability to work. Pursuant to the regulations, state agency consultants are highly qualified specialists, expert in Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. Their opinions must be considered by the ALJ as opinion evidence, as occurred here. *See* 20 C.F.R. § 416.927(e)(2)(i); SSR 96-6p. The regulations provide that when evaluating opinion evidence, more weight is given an opinion that is consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(c)(4).

Thus, substantial evidence supports the ALJ's RFC finding. Although the record reveals diagnoses of major depressive disorder and anxiety (Tr. 335, 473), there is no evidence in the record that demonstrates these conditions would significantly limit Plaintiff's ability to do basic work activities. Rather, the record shows that Plaintiff's doctors placed no restrictions on his activities or limitations because of these conditions, nor that any treatment or therapy has been recommended for these conditions, as noted by the ALJ.

Finally, although the ALJ found that Plaintiff's mental conditions were non-severe, the ALJ did find that Plaintiff suffered from severe impairments and continued through the sequential evaluation to step five.   The Eleventh Circuit has noted that the finding of *any* severe impairment is enough to satisfy step two, "because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Security*, 420 F. App'x 901, 902 (11th Cir. Mar. 30, 2011).   Thus, even assuming the ALJ erred when he concluded that Plaintiff's mental conditions were not severe impairments, that error was harmless, because the ALJ considered all of his impairments, including those he deemed non-severe, when determining Plaintiff's RFC, which is supported by substantial evidence, discussed *supra.*

### B.   Function-by-Function Assessment

Plaintiff last argues that the ALJ did not perform a function-by-function assessment before finding that Plaintiff could perform light work.   In so arguing, Plaintiff asserts that the ALJ's RFC assessment did not consider the objective medical evidence in support of limitations caused by his visual impairment, major depressive disorder, and anxiety.   Doc. 18 at 20-21.   Plaintiff argues that this matter should be remanded for proper consideration of Plaintiff's these impairments.

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess . . . her work-related abilities on a function by function basis. . . .   Only after that may RFC be expressed in terms of exertional levels of work,

sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184. Here, the ALJ specifically considered Plaintiff's complaints related to his visual impairments and found that his complaints were not supported by the record, discussed *supra*. Tr. 19, 21. Further, although the ALJ determined that Plaintiff's mental impairments were "non-severe," the ALJ specifically considered and determined all of Plaintiff's impairments – both severe and non-severe – in assessing his RFC. Moreover, the determination of a claimant's RFC is reserved exclusively to the Commissioner and is not the province of Plaintiff's physicians to determine. 20 C.F.R. § 404.1527(d); SSR 96-5p.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3. The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record